IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT PAPENHAUSEN,

    Plaintiff,                    No. 2:12-cv-0344 DAD P

    vs.

DAVID HOLLISTER et al.,

    Defendants.            <u>ORDER</u>

                                /

        Plaintiff is a county inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

1  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
2  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court
3  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28
4  U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

6           The court is required to screen complaints brought by prisoners seeking relief
7  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
10 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
11 U.S.C. § 1915A(b)(1) & (2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
14 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
15 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
16 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
17 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
18 Cir. 1989); Franklin, 745 F.2d at 1227.

19          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
20 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
22 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
23 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
24 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
25 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
26 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In his complaint, plaintiff has identified District Attorney David Hollister, Plumas County Sheriff Greg Hagwood, and the Plumas County Jail as the defendants. Therein, plaintiff alleges as follows. First, plaintiff alleges that District Attorney Hollister is detaining him unlawfully. Next, plaintiff alleges that Sheriff Hagwood is not providing him access to the courts

3

to allow him to put on a competitive defense.  Finally, plaintiff alleges that the Plumas County Jail will not allow him to pursue an inmate grievance.  In terms of relief, plaintiff requests monetary damages.  (Compl. at 4.)

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff elects to proceed with this action by filing an amended complaint, he is advised of the following legal standards that govern his claims.  First, it does not appear that

plaintiff can state a cognizable civil rights claim against District Attorney Hollister.  As an initial matter, plaintiff is advised that where a state prosecutor engages "in activities 'intimately associated with the judicial phase of the criminal process,'" he is entitled to absolute immunity. Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).  See also Ewing v. City of Stockton, 588 F.3d 1218, 1233 (9th Cir. 2009); Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority.").  Moreover, federal courts are barred from directly interfering with ongoing state court criminal proceedings, absent extraordinary circumstances.  See Younger v. Harris, 401 U.S. 37, 46 (1971); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1985) ("When a state criminal prosecution has begun the Younger rule directly bars a declaratory judgment action" as well as a § 1983 action for damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings.").  Here, plaintiff has not alleged any such extraordinary circumstances.  Younger, 401 U.S. at 48-50.  Of course, plaintiff may raise his constitutional claims in any ongoing criminal proceedings pending against him in state court.  Lebbos v. Judges of the Superior Court, 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interest of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'").

        Plaintiff alleges that defendant Sheriff Hagwood has denied him access to the courts.  However, without more, plaintiff's allegations fail to state a cognizable claim.  Specifically, it is not clear why or in what manner plaintiff believes defendant Hagwood is interfering with his access to courts.  In addition, to state a cognizable claim for denial of access to courts, plaintiff must allege that he has experienced an "actual injury" as a result of the defendant's conduct.  See Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  In this regard, in any amended complaint, plaintiff must clarify

how defendant Sheriff Hagwood has interfered with his access to the courts and explain what injury he has suffered as a result.

Finally, plaintiff has alleged that the Plumas County Jail will not allow him to file an inmate grievance. However, plaintiff is advised that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). As such, county jail officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Sheriff of Plumas County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

1  amended complaint in accordance with this order will result in a recommendation that this action
2  be dismissed without prejudice.
3          5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a
4  civil rights action.
5  DATED: July 5, 2012.

                                                                _____
                                                                DALE A. DROZD
8  DAD:9                                                        UNITED STATES MAGISTRATE JUDGE
   pape0344.14a